UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PRESTON GANT, IV,**

    **Plaintiff,**

v.                                    Case No: 5:20-cv-336-Oc-30PRL

**ANDREW GEHRSITZ, MAYA LYDIA
and LADY LAKE POLICE
DEPARTMENT,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This action grew out of *pro se* Plaintiff's alleged wrongful arrest on March 10, 2020 and his subsequent seventeen month-long incarceration in the Lake County Detention Center, following which the charges against him were dropped and he was adjudicated not guilty. (Doc. 1). Plaintiff filed a complaint against various defendants under § 1983 for which he now seeks $5,000,000 in damages. (Doc. 1). Plaintiff has moved to proceed *in forma pauperis*. (Doc. 2). Previously, upon noting deficiencies in Plaintiff's original complaint, the undersigned took the plaintiff's motion to proceed in forma pauperis under advisement and allowed him to file an amended complaint. (Doc. 4). Plaintiff has failed to file an amended complaint, and the time for doing so has expired. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and the complaint (Doc. 1) should be dismissed.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I.   **Legal Standard**

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is

insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978).

## II. Discussion

As observed previously, Plaintiff's claims against the Lady Lake Police Department are improper because this Defendant is not a proper party to this proceeding. *See Spry v. Turner*, No. 8:11-cv-531-T-33TGW, 2011 WL 940343, at *2 (M.D. Fla. March 17, 2011); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments and police departments are not usually considered legal entities subject to suit).

That leaves Plaintiff's claims against the remaining Defendants – Sergeant Andrew Gehrsirz and Deputy Maya Lydia. Plaintiff's claims appear to be for Fourth Amendment constitutional violations. To succeed on a § 1983 claim for false arrest, the plaintiff must demonstrate the absence of probable cause. "In order for probable cause to exist, 'an arrest [must] be objectively reasonable under the totality of the circumstances.'" *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Id.*

Plaintiff claims that he was arrested without probable cause and the outstanding warrants for his arrest contained fabricated statements. (Doc. 1). Plaintiff attached an annotated version of the police report to the complaint, so the Court will consider it as part of the pleadings. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (considering exhibits attached to a complaint as "part of the pleading 'for all purposes'") (quoting Fed. R. Civ. P. 10(c)). The police report details the events leading up to Plaintiff's arrest. Officer Gehrsitz observed the plaintiff walking in the middle of the road, and when he noticed the officer, he turned and began walking in the opposite direction away from the officer. Officer Gehrsitz made contact with Plaintiff and

informed him of the pedestrian violation that he committed. Officer Gehrsitz then asked Plaintiff for his identification and he provided a name and a birthday that provided negative results. Officer Lidia arrived on the scene and recognized Plaintiff from a previous arrest. Officer Lidia positively identified Plaintiff and a query revealed two active warrants out of Lake County. Plaintiff was then arrested for giving a false name and for the outstanding warrants. Plaintiff annotated the police report and noted that he was "not 'walking in the middle of the road,' " [he was] simply [] re-routing the state of direction [he] was going toward (a short cut) in order to get to the nearest gas station." (Doc. 1). Plaintiff also denies turning when he saw the officer, but it is unclear if he contests giving a false name.

Officer Gehrsitz saw Plaintiff walking in the middle of the road, and not on a sidewalk or crosswalk, which alone is enough information justify approaching the plaintiff. *See Copeland v. Bradenton Police Dep't*, No. 8:08-CV-913-T-30TGW, 2008 WL 3889588, at *3 (M.D. Fla. Aug. 18, 2008) (finding probable cause to temporarily detain the plaintiff when he was walking in the road when a sidewalk was available).

Additionally, Plaintiff gave Officer Gehrsitz the wrong name. After learning Plaintiff's real name, a search query revealed two active warrants. To the extent that Plaintiff claims these warrants were supported by fabricated statements, Plaintiff must show that the officers intentionally or recklessly included false information or omitted true information. *Ronet v. City of Tampa Police Dep't*, No. 8:08-CV-2076-T-27MAP, 2009 WL 2578906, at *3 (M.D. Fla. Aug. 20, 2009). This Plaintiff has failed to do. It appears that Plaintiff's sole support that these affidavits contained fabricated statements is that he was found not guilty. The very police report attached to the complaint, read with the plaintiff's own annotations, shows that the arrest was objectively reasonable under the totality of the circumstances. *Rankin*, 133 F.3d at 1435. Plaintiff was already

given the opportunity to amend his complaint but has failed to do so. Accordingly, Plaintiff has failed to state a viable claim under § 1983, and thus, there is no basis for this Court's subject matter jurisdiction.

### III.     Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on September 9, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy